IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-76-FL-1
No. 7:12-CV-238-FL

| | |
|---|---|
| GREGORY BLANKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 46), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and the government's motion to dismiss (DE 50). The government also filed a response to petitioner's motion, and petitioner replied. In this posture, the issues raised are ripe for ruling. For the reasons stated below, the court grants the government's motion, and dismisses petitioner's motion.

## BACKGROUND

On October 18, 2004, petitioner pleaded guilty to possession with intent to distribute marijuana, possession with intent to distribute more than 500 grams cocaine and a quantity of marijuana, and felon in possession of firearm. On January 20, 2005, petitioner was sentenced to a term of 120 months imprisonment, the statutory mandatory minimum based on a prior conviction qualifying at the time as a felony drug conviction for sentencing purposes. The court's judgment was affirmed on direct appeal. On August 20, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his mandatory minimum was erroneous in light of Simmons. The government moves to dismiss on grounds that petitioner's motion is untimely. Petitioner argues that

the motion is timely under § 2255(f)(4) and subject to equitable tolling.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner argues that his motion was timely under subsection (f)(4). This court, however, has previously rejected this argument in the context of Simmons. See United States v. Hardison, No. 4:11-CV-196-FL, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011). As further set forth in Hardison, the court finds § 2255(f)(4) inapplicable to Simmons claims filed more than one year after the date the judgment becomes final. See id.

Petitioner also argues that equitable tolling is appropriate. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). To benefit from equitable tolling, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 130 S.Ct.

2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004). Petitioner's equitable tolling argument, however, again is foreclosed by United States v. Powell, 691 F.3d 554, 558-59 (4th Cir. 2012). Treating a change in the law as extraordinary circumstances justifying equitable tolling would render the court's holding in Powell meaningless. Moreover, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum. Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part) (quoting Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir. 2011)). Accordingly, the court declines to apply equitable tolling and dismisses petitioner's motion as untimely.

## CONCLUSION

For the foregoing reasons, the court GRANTS the government's motion to dismiss (DE 50), and DISMISSES petitioner's motion to vacate (DE 46). Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

SO ORDERED, this 3rd day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge