IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-76-FL-1
No. 7:12-CV-238-FL

| | |
|---|---|
| GREGORY BLANKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion for reconsideration (DE 55) of the court's dismissal of his 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, petitioner's motion for reconsideration will be granted in part and denied in part.

## BACKGROUND

On October 18, 2004, petitioner pleaded guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (count one); possession with intent to distribute more than 500 grams cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (count two), and felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (count three). On January 20, 2005, petitioner was sentenced to concurrent terms of imprisonment of 110 months on counts one and three, and 120 months imprisonment on count two. The sentence on count two was based upon a statutory mandatory minimum, under 21 U.S.C. §§ 841(b)(1)(B) and 851, calculated on the basis of a prior conviction qualifying at the time as a felony drug conviction for

sentencing purposes.  Petitioner was also sentenced to an eight-year term of supervised release on count two, under 21 U.S.C. § 841(b)(1)(B), on the same basis.  The court's judgment was affirmed on direct appeal.  On August 20, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that his mandatory minimum sentence was erroneous in light of <u>Simmons</u>.  The government moved to dismiss on grounds that petitioner's motion is untimely, among other grounds.  The court dismissed the petition on the basis that it was untimely.  Petitioner asks the court to reconsider its ruling in light of <u>Miller</u>, and petitioner notes that his period of supervised release exceeds the maximum period of supervised release prescribed by law.  The government urges the court to deny the motion on grounds previously raised.

## DISCUSSION

A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f).  It was filed more than one year after the judgment became final.  There is no alleged impediment to making the motion created

by governmental action. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting the claims have been discovered. Miller does not change the conclusion that petitioner's motion is untimely. See Miller, 735 F.3d at 143 (noting that government waived statute of limitations "which would normally bar Miller's motion as untimely"); United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely).

Petitioner contends, nonetheless, that equitable tolling is warranted. An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir.2002). A petitioner is "only entitled to equitable tolling if he presents . . . extraordinary circumstances" preventing him from timely filing. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

Petitioner argues that equitable tolling should apply because Miller announced a new rule of substantive law that is retroactively applicable on collateral review. He suggests it is wholly arbitrary and a "miscarriage of justice" to treat his Simmons claim as untimely solely because the Fourth Circuit, rather than the Supreme Court, recognized the new rule of substantive law.

Accepting petitioner's argument, however, would render the limitations rule in (f)(3), and the court's ruling in Powell, meaningless. In addition, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent the sentencing enhancement received. See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part).

Accordingly, the court declines to apply equitable tolling upon reconsideration and denies

petitioner's motion as to the term of imprisonment.

B. Supervised release term

The court imposed an eight-year term of supervised release under § 841(b)(1)(B), the statutory minimum provided. Absent a prior felony conviction, however, the statutory *minimum* term of supervised release was four years, pursuant to § 841(b)(1)(B). Moreover, the statutory *maximum* term of supervised release was five years, pursuant to 18 U.S.C. § 3583(b)(1). See United States v. Dawson, 587 F.3d 640, 648 n. 5 (4th Cir. 2009); United States v. Good, 25 F.3d 218, 221 (4th Cir. 1994). Accordingly, petitioner received a term of supervised release in excess of the statutory maximum prescribed by law, thus providing a basis to toll the statute of limitations as to petitioner's claim based upon term of supervised release. Thus, the court will grant in part petitioner's motion for reconsideration and amend the judgment to specify a period of supervised release of four years.

C. Certificate of Appealability

The court previously denied a certificate of appealability on the dismissal of the § 2255 petition in this case. However, in light of Miller, the court reconsiders that ruling. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on whether the petition is untimely, in light of the Fourth Circuit's decision in Miller. See United States v. Jones, No. 12-7600, 2014 WL

4

68607 *1 (4th Cir. Jan. 9, 2014) (expanding certificate of appealability to cover both timeliness and waiver issues, following Miller).

**CONCLUSION**

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART petitioner's motion for reconsideration (DE 55). The court hereby AMENDS the judgment entered January 20, 2005, to specify a period of supervised release for a term of four (4) years, instead of eight (8) years previously imposed. All other terms of the January 20, 2005, judgment and April 3, 2013, judgment on § 2255 motion shall remain in effect. A certificate of appealability is GRANTED as to the dismissal of petitioner's claim challenging his term of imprisonment in his § 2255 motion, in accordance with the foregoing.

SO ORDERED, this 21st day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge